Sheri M. Thome, Esq.
Nevada Bar No. 008657
Nicholas F. Adams, Esq.
Nevada Bar No. 014813
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, Nevada 89119
Telephone: 702.727.1400
Facsimile: 702.727.1401
Email: Sheri.Thome@wilsonelser.com
Email: Nicholas.Adams@wilsonelser.com
*Attorneys for Defendant*
*Northland Insurance Company*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CARLOS M. HERRERA, <br><br>Plaintiffs, <br><br>v. <br><br>NORTHLAND INSURANCE COMPANY, a foreign corporation; DOE NORTHLAND EMPLOYEE, an individual; DOE INDIVIDUALS I-X, inclusive; and ROE COPORATIONS I though X, inclusive, <br><br>Defendants. | Case No. 2:24-cv-01999-MDC <br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES** <br><br>**(FIRST REQUEST)** <br><br>**Submitted in Compliance with LR 26-3** |

Plaintiff Carlos M. Herrera ("Plaintiff") and Defendant Northland Insurance Company ("Defendant"), by and through their undersigned counsel of record, hereby submit the following Stipulation to Extend Discovery Deadlines in accordance with LR 26-3 and LR IA 6-1.

This is the first request to extend the deadlines in the scheduling order (ECF No. 15) and counsel submits that the request is brought in good faith, supported by good cause in compliance with LR 26-3, addresses whether excusable neglect exists, and is not intended to cause delay.

**A.   DISCOVERY COMPLETED TO DATE (LR 26-3(a))**

1. The Rule 26(f) conference was held on November 19, 2024.
2. Defendant served its initial disclosures on December 3, 2024.
3. Plaintiff served his initial disclosures on December 17, 2024.

307939203v.1

4. Plaintiff served requests for production of documents and interrogatories on Defendant on January 9, 2025,

5. On January 24, 2025, Plaintiff served his first supplemental disclosures and Defendant served a notice of deposition of Plaintiff.

6. Defendant served its first supplemental disclosures and requests for production of documents and interrogatories on Plaintiff on January 31, 2025.

7. On February 5, 2025, Defendant served a first amended notice of deposition of Plaintiff to take place on February 28, 2025.

**B.  DISCOVERY THAT REMAINS TO BE COMPLETED (LR 26-3(b))**

The parties anticipate completing the following discovery:

1. Defendant's responses to Plaintiff's first set of interrogatories and requests for production is currently due February 10, 2025;

2. Plaintiff's responses to Defendant's first set of interrogatories and requests for production of documents is currently due March 3, 2025;

3. Production of additional documents being obtained from Plaintiff's medical providers;

4. Deposition of Plaintiff scheduled for February 28, 2025;

5. Disclosure of experts and rebuttal experts;

6. Additional depositions of fact witnesses; and

7. Depositions of experts.

**C.  REASONS WHY DEADLINE WAS NOT SATISFIED/GOOD CAUSE FOR REQUEST (LR 26-3(c))**

A request to extend deadlines in the scheduling order must supported by a showing of "good cause" and be made "no later than 21 days before the expiration of the subject deadline." LR 26-3; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992). The good cause inquiry primarily focuses on the requesting parties' diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at

-2-

307939203v.1

1  609. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant
2  of relief." *Id.*

3  Moreover, any request made after the 21-day period will only be granted if "the movant also
4  demonstrates that the failure to act was the result of excusable neglect." LR 26-3. "'Excusable
5  neglect' is a flexible, equitable concept but 'inadvertence, ignorance of the rules, or mistakes
6  construing the rules do not usually constitute 'excusable' neglect.'" *Williams v. McCoy*, No. 3:22-
7  CV-00376-CLB, 2024 U.S. Dist. LEXIS 7406, at *3-4 (D. Nev. Jan. 16, 2024) (quoting *Kyle v.*
8  *Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994)).

9  "In determining whether neglect is excusable, the Court must consider the following factors:
10 (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact
11 on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."
12 *Id.* at 4 (citing *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000)).

### 1. Good Cause

14 Here, the parties submit that good cause exists to extend the expert disclosure deadline and
15 the remaining discovery schedule. The parties have been diligent in conducting discovery and have
16 retained their respective experts. Furthermore, the deposition of Plaintiff was set for February 6,
17 2025. With the deposition set for February 6, 2025, this allowed the parties to receive the transcript
18 of the deposition, have their experts review the transcript, and render initial opinions by the February
19 21, 2025 deadline. Plaintiff's deposition is essential to a couple of the parties' experts in formulating
20 their initial opinions.

21 Unfortunately, the parties learned on February 4, 2025 that Plaintiff had fallen ill and could
22 not make it to his deposition set for February 6, 2025. This was an unforeseen circumstance that
23 occurred within 21 days of the initial expert disclosure deadline. The parties held a meet and confer
24 on February 5, 2025. During the meet and confer, the parties discussed the time needed for Plaintiff
25 to recover and a date that worked with Plaintiff's schedule. The parties further agreed that the due
26 to the unforeseen circumstances, the delay caused thereby, and the necessity of Plaintiff's deposition
27 for their respective experts, that additional time was needed. After the meet and confer, the parties
28 were able to find a mutual date that worked for the parties and allowed time for Plaintiff to recover.

-3-

307939203v.1

The parties agreed on setting Plaintiff's deposition for February 28, 2025. An amended notice was sent out within a matter of hours to reflect this new date.

Accordingly, there is good cause to extend the expert disclosure deadline since Plaintiff's deposition is essential to the parties' respective experts' initial opinions.

**2. Excusable Neglect**

Excusable neglect exists in this matter. First, there is no prejudice to either party since both parties are in agreement of the proposed extension. *See Bateman*, 231 F.3d at 1223 (first factor).

Second, the parties are seeking a brief extension of the discovery deadlines. *Id.* (second factor). The parties are seeking to extend the initial expert disclosure deadline to two-weeks after the deposition of Plaintiff (March 14, 2025). In total, the parties are seeking an extension of 21 days. No trial date has been issued so there is no impact to a trial date.

Third, the reason for the delay in seeking an extension is due to Plaintiff's unforeseen illness. *Id.* (third factor). Plaintiff's deposition was set for February 6, 2025 and it was not discovered until February 4, 2025 that Plaintiff had fallen ill and could not make it to his deposition. This discovery occurred within 21 days of the initial expert disclosure deadline. Once the parties discovered that Plaintiff had fallen ill, they have worked together in a diligent manner to reset the deposition and request an extension of time.

Fourth, the parties are acting in good faith. *Id.* (fourth factor). The extension sought is in response to unforeseen circumstances. Plaintiff's deposition had to be moved due to sudden illness and it is necessary that the parties' experts review Plaintiff's deposition transcript to formulate their initial opinions.

In sum, the factors this Court is to consider support a finding of excusable neglect.

**D.    PROPOSED DISCOVERY SCHEDULE (LR 26-3(d))**

The parties request that the current deadlines in the scheduling order (ECF No. 15) be extended as follows:

1.    Last Day to Maned Pleadings or Add Parties: currently January 22, 2025; no desired change;

2.    Last Day to Disclose Initial Expert Reports: currently February 21, 2025, **desired**

-4-

307939203v.1

**change March 14, 2025**;

3.   Last Day to Disclose Rebuttal Experts: currently March 24, 2025, **desired change April 14, 2025**;

4.   Last Day to Complete Discovery: currently April 22, 2025; **desired change May 13, 2025**;

5.   Last Day to File Dispositive Motions: currently May 22, 2025; **desired change June 12, 2025**;

6.   Last Day to File Joint Pre-Trial Order: currently June 23, 2025, **desired change July 14, 2025**. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision of the dispositive motions. The disclosures required by FRCP 26(a)(3), and any objections thereto, shall be included in the pretrial order.

**IT IS SO STIPULATED.**

DATED this 6th day of February, 2025.                DATED this 6th day of February, 2025.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP            RICHARD HARRIS LAW FIRM

By:   */s/ Nicholas F. Adams*                     By:   */s/ Alberto Castro*
      Sheri M. Thome, Esq.                              Alberto Castro, Esq.
      Nevada Bar No. 008657                             Nevada Bar No. 014690
      Nicholas F. Adams, Esq.                           801 South Fourth Street
      Nevada Bar No. 014813                             Las Vegas, NV 89101
      6689 Las Vegas Blvd. South, Suite 200             Alberto@richardharrislaw.com
      Las Vegas, Nevada 89119                           *Attorneys for Plaintiff*
      Sheri.Thome@wilsonelser.com                       *Carlos M. Herrera*
      Nicholas.Adams@wilsonelser.com
      *Attorneys for Defendant*
      *Northland Insurance Company*           **ORDER**

                                              IT IS SO ORDERED.

                                              _____
                                              Hon. Maximiliano D. Couvillier III
                                              United States Magistrate Judge
                                              Date: 2/7/2025

-5-

307939203v.1